### WILSON, Adm'r, *v.* ARRICK, Adm'x.

IN ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued October 16, 1884.—Decided October 27, 1884.

In the District of Columbia, a debt due the estate of an intestate, collected by an agent of the administrator, is an administered asset, and cannot be recovered of the agent by an administrator *de bonis non* of the estate, appointed by the court after removal of the administrator.

Horatio Ames, whose administrator *de bonis non* brought this suit, died in January, 1871. On some day not shown by the record, but prior to April, 1873, his widow, Charlotte L. Ames was appointed administratrix, with the will annexed, of his estate. There was claimed to be due the estate, from the United States, a large sum of money for cannon furnished, which was satisfied by payments made in April, 1871, and in January, 1873. In May, 1873, Mrs. Ames filed her account, in which she charged herself with the sum of $39,955 as received by her from the United States on account of the claim of the estate, and took credit for three payments, amounting to $33,574.36, made to Clifford Arrick, the intestate of the defendant, for which vouchers were filed, signed by him. Exceptions were filed to the account by Oliver Ames, a brother of Horatio Ames. Before the exceptions were heard, the court, on January 9th, 1875, removed Mrs. Ames for having failed to comply with an order of the court requiring her to give an additional bond, and

appointed the present plaintiff, Nathaniel Wilson, administrator *de bonis non* in her place. On January 22, 1876, the exceptions were heard, and the credit of $33,574.36, which the administratrix claimed on account of payments made to Arrick, was reduced by the court to the sum of $2,955.56, and the commission she claimed was also reduced. The account, as filed, showed a balance in her hands of $2,260.64; as corrected by the court, this balance was increased to $34,876.75.

Disregarding this settlement of the account, this suit was brought by Wilson, the administrator *de bonis non*, against Arrick, to recover the sum of $39,955, the whole amount with which the administratrix had charged herself in her account; the allegation of the declaration being that he had collected that sum for the estate of Horatio Ames, and refused to pay it over. Arrick having died pending this suit, it was revived against the administrator of his estate.

It appears from the bill of exceptions that warrants were issued by the Secretary of the Navy to the administratrix for the amounts due from the United States to the estate she represented; that on their delivery to her she was required to indorse upon them her receipt for the money, which she did; and, having the warrants in her possession, she indorsed and delivered them to Arrick, who drew the money.

The court, at the request of the defendant, charged the jury that "the legal effect of the receipts, given in evidence and signed by Charlotte L. Ames, as administratrix, was to invest her with the control of the moneys mentioned in said receipts; and, if the administratrix parted with said control by the indorsement of said receipts, then the plaintiff is not entitled to recover." And the court, of its own motion added: "If you find, from the testimony in this case, that Mrs. Ames, administratrix of the estate of Horatio Ames, deceased, received this fund from the government for the purpose of administration, and that after receiving it she wasted it upon Arrick, or anybody else, the plaintiff in this case would not be entitled to recover; it would be the case of administration of assets, and it does not survive to the administrator *de bonis non* to prosecute." Verdict for the defendant, and judgment on the verdict. To

reverse this judgment this writ of error was sued out, and this charge of the court was assigned for error.

*Mr. A. S. Worthington* for plaintiff in error.—I. *Wilson* v. *Walker,* 109 U. S. 258, is distinguishable from this case. There it was held that a debt due to a deceased person, when collected, becomes the property of the administrator. In this case we seek to recover money so collected from a third person to whom it was paid as agent. This can be done under the common law, which was held in *Wilson* v. *Walker* to be in force in the District. 1. If the action be brought by the first administrator while his authority as administrator continues, he may treat the fund in the hands of such third person either as a debt due him individually, or as one due the estate which he represents, and so sue, either in his own name or as administrator, as he may elect. 2 Williams on Executors (7th Ed.) 952; *Clarke* v. *Hougham,* 2 B. & C. 149; *Sasscer* v. *Walker's Ex'r,* 5 G. & J. 102; *Chapman* v. *Davis,* 4 Gill, 166. 2. If the first administrator die (or be removed) before the agent who has collected the fund has paid it over, the administrator *de bonis non* may also treat the fund as property belonging to the estate, and sue for and recover it accordingly. Maryland Stat. 1785, ch. 80, § 1; Stat. 1798, ch. 101, sub-chapter 14, § 4; *Gist, Adm'r,* v. *Cockey,* 7 Harr. & Johns. 134; *Crane* v. *Alling,* 2 Green, N. J. (14 N. J. L.), 593; *Catherwood* v. *Chabaud,* 1 B. & C. 150; *Blydenburg* v. *Lowry,* 4 Cranch C. C. 368; *Cole* v. *Hebb,* 7 G. & J. 20. If it is claimed that Mrs. Ames authorized Arrick to retain this money, the authority was obtained by fraud, and the money may be recovered. *Catts* v. *Phalen,* 2 How. 376.—II. The other error assigned is the ruling of the court excluding the deposition of Oliver Ames as to transactions between him and Arrick. This ruling was based upon section 585 of the Revised Statutes of the United States, which provides, among other things, that in actions against administrators *neither party* shall be allowed to testify as to any transaction with or statement by the intestate, unless called by the opposite party or required to testify by the court. Here Oliver Ames was not a party. He was interested in the

result, no doubt ; but the statute does not cover such a case. Whether because the reason for excluding the testimony of one who is interested in the result is the same as that for excluding the parties themselves, the courts shall strain the words of the law to cover all such cases, is a question that frequently arises, but no reported decision of it has been found. It is submitted that to make the words " either party " include all who may have an interest in the litigation, would be carrying construction to the point of legislation.

*Mr. Henry E. Davis* for defendant in error.

Mr. Justice Woods delivered the opinion of the court. He stated the facts in the foregoing language, and continued :

.We think the charge was right. In the case of *United States* v. *Walker*, 109 U. S. 258, which, as appears by an inspection of the record, was a suit brought by the United States for the use of Nathaniel Wilson, as administrator *de bonis non* of the estate of Horatio Ames, upon the bond of Charlotte L. Ames, as administratrix of the same estate, to recover the identical money sued for in this case, it was held that an administrator *de bonis non* derives his title from the deceased, and not from the former administrator, and to him is committed only the administration of goods, chattels, and credits of the deceased which have not been administered ; and that, both at common law and under the act of Congress in force in the District of Columbia, an administrator *de bonis non* has title only to the goods and personal property which remain in specie and have not been administered. Upon this ground the judgment of the court was based.

The plaintiff in error, conceding that since the decision in *United States* v. *Walker*, *ubi supra*, he could not maintain his action against the administratrix or the sureties upon her bond, to recover money the proceeds of administered assets, still insists that the action will lie against an agent of the administratrix, to whom the money has been paid. This contention cannot be sustained. If the money sued for in this case is the proceeds of a debt due the estate of Horatio Ames, which has

been administered by Mrs. Ames, the administratrix, the case of the *United States* v. *Walker* must be decisive of this. For if the present plaintiff has no title to the money, his action will no more lie against the agent of the administratrix than against the administratrix herself.

We are of opinion that the facts stated in the bill of exceptions, as already recited, show that the claims of the estate of Ames against the United States had been administered by Mrs. Ames, the administratrix. The demand of the estate against the United States had been settled and paid and the liability of the United States discharged. This was an administration of these assets of the estate. The mere acceptance even of the warrants was such an alteration of the property as vested the title in the administratrix, and was tantamount to their administration. Bacon's Abr., Title Executors and Administrators, B. 2, 2. The warrants and the money received on them became the property of the administratrix, and she was responsible therefor to the creditors, legatees, and distributees of the estate, and they only were entitled to sue therefor. *United States* v. *Walker, ubi supra ; Beall* v. *New Mexico,* 16 Wall. 535 ; *Ennis* v. *Smith,* 14 How. 416. If the cases cited by counsel for appellant, *Catherwood* v. *Chabaud,* 1 B. & C. 150, and *Blydenburg* v. *Lowry,* 4 Cranch C. C. 368, sustain his contention, they are inconsistent with the law as heretofore laid down by this court, and cannot avail him.

The fact that the administratrix has improperly paid out money of the estate, the proceeds of assets administered by her, or that they have been paid to her agent, does not invest the administrator *de bonis non* with title, and authorize him to sue therefor. If, as held in the case of the *United States* v. *Walker, ubi supra,* the administratrix was not herself liable for the proceeds of those assets to the administrator *de bonis non,* it follows that the person who has received them as her agent cannot be liable. We think there was no error in the charge.

It further appears by the bill of exceptions that " the plaintiff offered to prove, by the deposition of Oliver Ames, taken in this case, transactions on the part of the intestate of the defendant with, and statements by, him to the said Oliver

Ames, tending to show that the said charges," on which the money sued for was paid to him by the administratrix, "were unconscionable." This evidence was excluded by the court, and its exclusion is now assigned for error. But it is clear that, if the plaintiff had no title to the money received by Arrick, the evidence offered was immaterial and was properly excluded.

We find no error in the record.

*The judgment of the Supreme Court of the District of Columbia is therefore affirmed.*