E. Chase v. J. W. Howie, *as Administrator of the Estate of Anson Walker, deceased.*

No. 12,076.  (67 Pac. 822.)

SYLLABUS BY THE COURT.

1. Wills—*Construction of Bequest—Life-interest in Personal Property.* The following are the material provisions of the will in controversy:

"I give to my wife, Lois Walker, all my real and personal property, for her use and benefit so long as she lives, then to be divided as follows: First, Virgil Anson Walker to have the interest of $2500, for his benefit and use as long as he lives, then to be divided among the other heirs.

"Second. The balance to be divided equally among the other heirs, which is Elizabeth Luther, Amelia P. Ogden, Olive Walker, Francis M. Walker, Minervia Ureta Moyer, Lois Alice White, and Mary Jane Mott."

Such a will is to be construed as a bequest of a life-interest in the personal property of which the testator was the owner when he died to said Lois Walker, and said Virgil Anson Walker having deceased before said will became operative, the remainder over must be regarded as having been bequeathed to the "other heirs" therein named.

2. ―――― *Income from Personal Estate—Rights of Remainder-man.* In the absence of a direction to the contrary, one who, under a will, takes a life-interest in personal property is allowed to receive and use only the income or profits thereof, and the rights of the owner of the life-estate and those of the person entitled to the remainder must be treated as entitled to equal protection.

Error from Brown district court; Wm. I. Stuart, judge. Opinion filed February 8, 1902. Affirmed.

*James Falloon,* for plaintiff in error.

*Ryan & Reeder,* and *Sample F. Newlon,* for defendant in error.

The opinion of the court was delivered by

Ellis, J. : As stated by plaintiff in error in his brief, "the principal error complained of is the construction of the will" in this case. On the 5th day

of June, 1876, Anson Walker made his last will and testament, in words and figures following:

"I, Anson Walker, of the county of Ontario, town of Canandaigua, state of New York, hereby make this my last will and testament, being of sound mind and memory, do make, publish and declare in the manner following, viz. :

"I direct that my just debts be paid by my executor hereinafter named as soon after my death as may be by him found convenient.

"Second. I give to my wife, Lois Walker, all my real and personal property, for her use and benefit as long as she lives, then to be divided as follows : First, Virgil Anson Walker to have the interest of $2500, for his benefit and use as long as he lives, then to be divided among the other heirs.

"Second. The balance to be divided equally among the other heirs, which is Elizabeth Luther, Amelia P. Ogden, Olive Walker, Francis M. Walker, Minervia Ureta Moyer, Lois Alice Walker, and Mary Jane Mott.

"Third. I hereby nominate and appoint Reuben Moyer to be executor of this my last will and testament, revoking all former wills by me made.

"In witness whereof, I have hereunto set my hand and seal, this fifth day of June, in the year of our Lord one thousand eight hundred and seventy-six.

(Signed)     ANSON WALKER."

The will was properly executed.

Mr. Walker moved to Brown county, Kansas, where he died in 1883, leaving as his heirs the parties named in the will, except Virgil Anson Walker, who died previous to that time.

The parties designated as "other heirs" in the will were children of the testate.

On the 16th day of August, 1884, letters testamentary were issued to Reuben Moyer by the probate court of Brown county. Some time afterward the executor Moyer moved to California, and by reason of his non-

residence, on the 15th day of January, 1898, said probate court removed him from office, and appointed Chas. P. Waste as administrator, who duly qualified. After this action was brought, Waste became a nonresident, and was in turn removed by the probate court, and the defendant in error was duly appointed as his successor, and substituted as plaintiff in the court below.

At the time of his decease, Anson Walker had notes and mortgages due him amounting in the aggregate to $3000, of which $2000 was owing by said Reuben Moyer. This action was brought on the 5th of April, 1899, by the administrator against said Reuben Moyer and his bondsman, E. Chase, to recover the moneys which came into the hands of said Moyer as executor, and which remained unaccounted for at that time. The only property in controversy is the $3000 above referred to. The defendant Moyer was not served, and did not appear, and the defendant Chase admitted that the moneys above mentioned were duly received by his principal, as executor, and paid out chiefly to the widow, Lois Walker, during her lifetime, it being admitted that she died in December, 1896.

The contention of the administrator was and is that by the terms of the will the widow was given a life-interest in the sum in dispute, and was, therefore, only entitled to the income or usufruct of said money, while the defendant below insisted that as the property bequeathed was money, by the terms of the will the title passed absolutely to the widow, or at least so much as was necessary for her maintenance and support could lawfully be used by the executor for such purpose. The trial court ruled that "the widow, Lois Walker, could not use any of the principal for her sup-

port and maintenance, and the executor, Reuben Moyer, would only be entitled to a credit on the $3000 for debts he paid of the decedent, Anson Walker, for his burial, and cost of administration on his estate." In addition thereto, the trial court allowed defendant below for all sums which had been advanced by the executor to the children and heirs, who were respectively entitled to the residue under the terms of the will. The administrator had judgment for $1507.82, and the defendant Chase brought error.

In his brief counsel for plaintiff in error says :

"In the construction of wills all the surrounding circumstances must be taken into consideration. In this case it must be presumed that the testator undertook to care for his wife in an ample and proper manner, as far as his estate would go. Testator was possessed of but $3000 in personal property at the time of his decease. The mere use of this $3000 certainly would not be adequate for the support and maintenance of his widow. While it is true under the decisions a life-estate may be created in the wife, with power to use such part of the principal as may be necessary for her support and maintenance, this power, however, need not be expressly stated in the will, but may be gathered from the contents and purpose for which the will was executed. This will directs payment of debts, second, giving all his estate, both real and personal, for her use and benefit as long as she lives, and afterward the balance to be divided equally among the other heirs."

Under the common law, it was held that that there could be no future property to take place in expectancy created in personal goods and chattels, but this distinction has long since been disregarded.

"And therefore, if a man, either by deed or will, limits his books or furniture to A. for life, with remainder over to B., this remainder is good." (Cooley's Blackst. [3d ed.], book 2, p. 397.)

"A chattel personal may also be given by will to A. for life, with the remainder over to B., and the limitation over, after the life-interest in the chattel has expired, is good." (2 Kent, Com. 352.)

"It may be laid down as settled that under a bequest of chattels, real or personal, to A. for life, and after his death to B., A.'s right to the usufruct during his lifetime, and B.'s right to the ultimate interest, will both be protected." (20 A. & E. Encycl. of L. 931.)

The same author continuing, says : "It seems further to be the better opinion that whether the bequest consists of chattels, real or personal, both the life legatee and the remainder-man have legal, as distinguished from merely equitable rights, and are entitled to legal remedies."

A case analogous in its facts to the one at bar is that of *Field v. Hitchcock*, 17 Pick. 182, 28 Am. Dec. 288. The testator left $1000 in cash, which came into the hands of the executor, and the executor was in debt to the testator in the sum of $1000. In the opinion the court said :

"It was contended in the argument for the respondent that, as the money was given to the wife for her life, and as money is a commodity consumed in the use, it must be deemed an absolute gift. This is certainly an extraordinary proposition. I have not the will before me, but I take its provision to be this, that the testator gives his personal property, or the use of it, to his wife for her life, and then over to the complainant. I take it that nothing is now better settled than that such a gift is a gift of the interest only, and if no trustee is specially named, it is the duty of the executor to invest the money, and pay the interest only to the person entitled for life, and preserve the principal for him who is entitled to take afterwards.

"The result was, that the decree of the judge of probate was reversed, and it was ordered that the appellee charge himself with cash not inventoried, $1000, and with his own debt, $1000."

Plaintiff in error cites *McNutt v. McComb*, 61 Kan. 25, 58 Pac. 965. In that case the first clause of the will was : "I hereby devise and bequeath unto my beloved wife, Lucinda Burke, subject to the payment of my debts, funeral expenses, and other expenses, all my estate, real and personal and mixed." The second item was : "At the death of my said wife, I direct that whatever may then remain of my said estate be divided between my three children" (naming them), as follows : One-third to A., one-third to B., and the other third to be equally divided between C. and D. This court held that the first item of the will created an uncontrolled power of disposition in the widow and an estate in fee, and that the second clause contained a direction inconsistent with this absolute interest, and was void. It is difficult to see how that case can aid the contention of the plaintiff in error here.

An earlier case, that of *Williams v. McKinney*, 34 Kan. 514, 9 Pac. 265, presents some features which are similar, and much of the language of the opinion is applicable to the case we are considering. True, in that case the widow was invested with the use and control of the estate "for the rearing, nurture and education of" the minor children therein named, and it being apparent that such was the intention, she could lawfully assert dominion over it during her lifetime ; still the court held that only a life-estate was given to the wife. See, also, cases cited therein.

In the will we are discussing there were no words signifying an intention on the part of the testator that his widow should be vested with the control or power of disposition of any of his personal estate. It is plain that he intended she should receive nothing but the usufruct.

The other errors complained of are unsubstantial in their nature and deserve little attention. It is doubtless true that the court should not have required the defendant to elect upon which defense set forth in his answer he would stand. (*DeLissa v. Coal Co.*, 59 Kan. 319, 52 Pac. 886.) Still, as the defendant below was permitted to prove under his fifth defense all of the facts that he might have proven under each and all of the others, the error was immaterial.

The burden of issues was properly upon the plaintiff below. It was material for him to show that the widow had elected to take under the will, as it was a fact controverted by the pleadings. If defendant below desired to secure the opening and closing of the case to the jury, he should have admitted all the material allegations of the petition. Failing to do so, he cannot be heard to complain because he was denied that privilege.

The last assignment of error is that the court allowed the jury to construe the pleadings by an instruction given at the time of the submission of the cause. We do not think the instruction complained of is susceptible of such a construction, or that any error was committed in that respect.

It follows that the trial was free from substantial error, and the judgment of the district court is affirmed.

JOHNSTON, CUNNINGHAM, GREENE, JJ., concurring.