THE AMERICAN SURETY COMPANY OF NEW YORK v. ROBERT M. PIATT, *as Administrator.*

No. 13,200. (72 Pac. 775.)

SYLLABUS BY THE COURT.

1. EXECUTORS AND ADMINISTRATORS—*Action by Administrator de Bonis Non against Former Administrator and Sureties.* Under section 26 of the act in relation to executors and administrators, an administrator *de bonis non* may maintain an action against a former administrator who has been removed, as well as his sureties on the administration bond, to recover the personal effects and assets of the estate unadministered, including the proceeds derived from a sale of the assets of the estate and converted by the former administrator, and also for his other maladministration or omissions.

2. ———— *Benefit of All Parties Interested.* Such a proceeding is prosecuted for the benefit of creditors of the estate whose claims have been allowed and not paid upon demand, and all others interested in a faithful administration of the estate.

3. ———— *Final Accounting Not a Condition Precedent.* The fact that no final accounting has been had with such administrator in the probate court does not deprive the district court of jurisdiction to hear and determine such action, where the administrator has absconded from the state and been removed from office, and has failed to turn over the assets of the estate upon order of the probate court.

4. ———— *When Assets are Administered—Recovery of Funds Misapplied.* The assets of an estate are not regarded as administered until they have been collected and applied as required by law and the will of the testator; and when moneys of an estate have been misapplied or wrongfully paid out, the administrator *de bonis non* may recover from the defaulting administrator and his sureties the amount so misapplied, and also for the additional expense of administration made necessary by the default.

5. ———— *Conclusiveness of Judgment Waived.* The question whether a judgment of a creditor of the estate against the administrator *de bonis non* is conclusive against the sureties becomes immaterial where such judgment was not treated as conclusive and testimony was received as to the merits of the claim on which the judgment was rendered.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed June 6, 1903. Affirmed.

## STATEMENT.

THIS was an action by Robert M. Piatt, administrator *de bonis non* of the estate of Henry H. Leonard, deceased, against the American Surety Company of New York, indemnitor of Samuel R. Leonard, the former administrator of the same estate. Henry H. Leonard died November 17, 1895, and Samuel R. Leonard was appointed administrator of his estate, and the bond was given by the surety company. The estate consisted of a small stock of goods, which was sold upon order of the probate court for $404. The stock had been mortgaged by Henry H. Leonard in his lifetime to Frank J. Nicholson to secure an indebtedness of $150. On December 3, 1895, Nicholson presented his claim against the estate, which the probate court allowed, and it also declared the debt to be a lien on the property of the estate and directed that it be paid out of the proceeds of the property which had been previously sold. On appeal to the district court, the allowance of the demand was affirmed, but it was held that the probate court had no authority to foreclose the chattel mortgage or to direct a preferential payment out of the proceeds of the mortgaged property. Samuel R. Leonard, the administrator, paid out of the proceeds of the sale $326.79 without authority of court, and this amount included $114.75 of funeral expenses.

About April 1, 1897, Samuel R. Leonard left the state and has never since returned, nor has he accounted for the assets of the estate. The probate court removed him as administrator and ordered him to turn over the assets to his successor, and on January 26, 1898, Robert M. Piatt was appointed administrator *de bonis non*. On February 21, 1898, Nicholson

brought an action in the district court against Piatt, as administrator of the estate, on his demand, and he recovered a judgment for $214 and procured an order declaring it to be a lien on the assets of the estate prior to all other claims or demands. The surety company, by its counsel, requested Piatt to appeal the case to a higher court, claiming there was an error in the judg-ment, but for some reason no review was asked. On July 22, 1899, Piatt, as administrator, brought this action against the surety company on the bond of Samuel R. Leonard to recover for his default and for damages arising from the maladministration and omission of Leonard. Piatt recovered judgment for $449.75, being the $404 which was realized by Leonard from the sale of the mortgaged property and the interest on the same from the time the action was brought until judgment. Of this judgment the surety company complains.

*J. V. Daugherty*, for plaintiff in error.

*Thornton W. Sargent*, for defendant in error.

The opinion of the court was delivered by

Johnston, C. J. : It is first contended that the action should have been brought by Frank J. Nicholson, the creditor, instead of by the administrator *de bonis non;* that section 181 of the act in relation to executors and administrators (Gen. Stat. 1901, § 2987) expressly provides for such action by a creditor upon the bond of a defaulting administrator, and that that provision in effect excludes the theory that it can be brought by the administrator *de bonis non.* The action was brought under section 26 of the act on executors and administrators, which is as follows ;

"An administrator appointed in place of an execu-

tor or administrator who has resigned, been removed, or whose letters have been revoked, shall be entitled to the possession of all the personal effects and assets of the estate unadministered, and may maintain an action against the former executor or administrator and his sureties on the administration bond, and for all damages arising from the maladministration or omissions of the former executor or administrator." (Gen. Stat. 1901, § 2831.)

In this section there appears to be express authority for the bringing of the present action by the administrator *de bonis non*.   Under section 181, each creditor whose claim has been allowed and not paid upon demand may bring an action on the bond of an administrator who has neglected to pay the claim, and this whether such administrator is in or out of office, while section 26 allows the administrator *de bonis non* to maintain an action on the administration bond to recover the unadministered assets and also damages for the maladministration and omissions of his predecessor.   The latter action may be brought only when the former administrator has resigned, or been removed, and his letters have been revoked, and it is brought by the administrator *de bonis non* for the benefit of all creditors and of every one else interested in the estate.

It is argued, however, that there were no unadministered assets in the hands of Leonard when he absconded ; that such assets are confined to goods which remain in specie and to money received and kept by itself ; that it does not include money derived from the sale of assets and mingled with the administrator's own money, and that, as there was no property on hand and Leonard had no money except such as was mingled with his own, there was nothing which the administrator *de bonis non* could recover in this action.

The common-law rule on which the surety company insists is not applicable under our statutes and the modern doctrine of administration. A mere change in the form of the assets made by an administrator does not bar his successor from acquiring possession of the assets and proceeding with the administration. As a general rule, property of every kind and form in the hands of the former administrator, including the proceeds of property sold, passes to his successor, who may maintain an action to recover the same, or upon the official bond of the predecessor. The question was considered in *Musick v. Beebe, Adm'r*, 17 Kan. 47, where it was held that an administrator is chargeable with the value of the use of property belonging to the estate and used by him for his own benefit, and also with money received by him on the sale of property of the estate ; and that an administrator *de bonis non*, in pursuance of the authority of section 26, may recover therefor against such former administrator and his sureties.

This section of our statute is similar to an Ohio statute, and is said to have been borrowed from that state. The supreme court of Ohio gave an early interpretation to the provision, holding that personal effects and assets of an estate unadministered included the indebtedness of a resigned administrator on account of assets received and converted to his own use, as well as such effects and assets that remained in specie, and that the same could be recovered by an administrator *de bonis non* in an action on the administration bond. It was further held that "the assets of an estate are not regarded as administered until they have been collected and applied as required by law or the will of the testator." (*Slagle v. Entrekin*, 44 Ohio St. 637, 10 N. E. 675, and cases cited.) We

think the action was rightly brought under section 26, and that a recovery could be had for the unadministered assets and for maladministration.

The next contention is that the district court erred in assuming jurisdiction in the case, there having been no final accounting by Leonard in the probate court, and reference is made to *Stratton v. McCandless*, 27 Kan. 296, and *Hudson v. Barratt*, 62 id. 137, 61 Pac. 731. Those cases, in effect, hold that where an administrator is still acting, the estate is unsettled, and the probate court has complete and ample jurisdiction over the administrator and the estate, no occasion exists for resorting to the equitable jurisdiction of the district court and that parties should proceed to a conclusion in the probate court. These authorities do not apply here. Leonard is no longer acting as administrator. He absconded with the assets of the estate and is beyond the jurisdiction of the probate court and the reach of its process. He has been removed for unfaithfulness, and by an order has been required to turn over all assets of the estate not administered and applied as the law requires. Under these circumstances an accounting with him in the probate court is impossible, and an adequate remedy could not be had in that court. It was only by invoking the equitable jurisdiction of the district court that the remedies provided for in section 26 in the act relating to executors and administrators could be had.

Complaint is made that there was no allowance by the court for the amounts paid out by Leonard on demands against the estate. Some claims were paid by him out of the proceeds of the property, but it was done without the authority or approval of the probate court. The assets of the estate which he sold for $404 were covered by Nicholson's mortgage. It was

Leonard's duty to pay this claim before paying any other, and his failure properly to apply the money as the law requires is maladministration, for which he and the sureties on his bond are liable. As has been already said, "the assets of an estate are not regarded as administered until they have been collected and applied as required by law." His failure and default required the appointment of an administrator *de bonis non*, and the expense of the further administration occasioned by his default is something for which he and the sureties on his bond are liable. The amount of this additional expense cannot be known until the closing up of the administration. The trial court gave judgment against the sureties for the full amount received by Leonard for the mortgaged property, together with the accumulated interest thereon. To that extent, at least, there was a liability upon the bond; and if for any reason the money misapplied and improperly paid out and the expenses of administration made necessary by the default should not equal the amount of the recovery upon a final adjudication in the probate court, that tribunal can order the return of the balance to the surety company.

The final contention is that by the refusal of Piatt to allow the surety company to prosecute error from the judgment in the Nicholson case such judgment is not conclusive on the surety company, and operates to release it from liability. It is a rule of law that where a party is responsible over to another, as, for instance, where the relation of indemnitor and indemnitee exists, and such responsible party is notified of the pendency of a suit and requested to take upon himself the defense of it, he has the right to appear and defend, and where there is such notice and he has been given an opportunity to participate and de-

fend, the judgment rendered will be conclusive upon him. It does not appear that any notice of the pendency of the Nicholson suit was given by Piatt to the surety company, nor is it shown that the company employed an attorney to defend the Nicholson case or furnish any money towards the defense of that action in the district court. There was a demand made, it is true, after judgment was rendered in the district court for permission to prosecute error from that judgment; but there is a dispute in the testimony as to the negotiations between the parties in respect to the proposed review. There is nothing, however, to show any fraud or bad faith in the refusal to take the case to a higher court. In view of the proceedings in this case, the question of demand for a review is no longer material. Such demand can only go to the question of whether the judgment rendered in the Nicholson case is conclusive upon the surety company in this case, or whether it is only deemed to be *prima facie* correct and subject to attack by the surety company. There has been in fact no attack upon the validity of the judgment, and besides, all the evidence produced in the Nicholson case, showing the rights of Nicholson and the liability of Leonard, the defaulting administrator, was introduced in this case at the instance of the surety company. That evidence abundantly proved that Nicholson had a lien on the property of the estate and fully established the validity and binding force of the judgment.

Finding no error, the judgment of the district court will be affirmed.

All the Justices concurring.