M. TOFFLER v. C. C. KESINGER, as *Administrator, etc.*

No. 16,107.

### SYLLABUS BY THE COURT.

ADMINISTRATOR'S BOND—*Liability of Surety.* An administrator with the will annexed died in office without having accounted for money which he had collected belonging to the testator's estate. His successor obtained judgment in the district court against his administrator for the sum found to be due. The judgment was presented, allowed and classified in the probate court as a claim against his estate, but no order was issued upon his administrator for its payment, and it was not paid. *Held,* such an order is not a condition precedent to recovery against the sureties on his bond.

Error from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed July 3, 1909. Affirmed.

*Hawn & Wendorff,* for the plaintiff in error.

*William Dill,* for the defendant in error.

The opinion of the court was delivered by

BURCH, J.: Rotzell died testate, and Markart was appointed administrator with the will annexed. Toffler became surety on the administration bond. Markart died without having completed the settlement of Rotzell's estate. Kesinger was then appointed administrator with the will annexed of the Rotzell estate, and Ackenhausen was appointed administrator of Markart's estate. Kesinger, as administrator, sued Ackenhausen, as administrator, in the district court for money collected by Markart belonging to Rotzell's estate, and judgment was rendered in Kesinger's favor. The judgment was presented to the probate court and duly allowed and classified as a claim against Markart's estate. No probate court order upon Ackenhausen to pay the claim was made, and it was not paid. Kesinger, as administrator, then sued Toffler, the surety on Markart's bond, for the amount of the judgment, and recovered. Toffler prosecutes error, and the sole question is whether the bond was broken upon non-payment of the judgment although the probate court had issued no order upon Ackenhausen to pay it.

Markart's death ended his right to the unadministered assets of the Rotzell estate, and none of them passed to his estate or to its administrator. Upon Kesinger's appointment and qualification he became by law entitled to all of them, including any balance which might be due from Markart. It required no order of court to vest title and right of possession in Kesinger, and just as soon as the balance due from Markart was finally adjudicated the law made it immediately due and payable without further ceremony. Ackenhausen bore no official relation whatever to the Rotzell estate, and had no concern with it beyond securing for Markart's estate all allowances to which Markart would have been entitled and seeing that the true balance was stated. When an executor or administrator resigns or

Toffler v. Kesinger.

is removed his official relation to the estate he represented is not wholly terminated; for many purposes he is regarded as still acting, and the probate court retains jurisdiction over him. But Ackenhausen was not substituted for Markart in the administration of Rotzell's estate. The common-law rule in this respect has been abrogated, and when an executor or administrator dies an administrator with the will annexed, or otherwise, must be appointed, as was done in this case. (Gen. Stat. 1901, §§ 2815, 2829, 2914.) The probate court may have had jurisdiction to make many orders upon Ackenhausen in connection with the settlement of the Rotzell estate, but not upon him as the representative of that estate. In no sense did he stand for the Rotzell estate as Markart stood for it. He did not become the principal of Markart's bond. It may be conceded that Ackenhausen's bondsmen would not be liable for his default in paying the claim against Markart's estate unless an order of disbursement had previously been made. It might take all of Markart's assets to pay claims of a superior class. It might be necessary to prorate with other claims of the same rank. Until the probate court determined all questions of this character and directed Ackenhausen how to proceed no duty to pay could arise, so far as the administration of his own trust is concerned. But whatever the situation or ability to respond of Markart's estate, the legal obligation to reimburse the Rotzell estate became absolute the moment the sum due was finally ascertained, and Markart's bond was given to secure performance of this obligation. If the rule were otherwise the settlement of the Rotzell estate might be embarrassed indefinitely and insufferably, awaiting orders necessarily conditioned upon the vicissitudes of the Markart estate.

All that is required in cases of this character is a final judgment establishing the liability of the principal in the bond for assets received, unadministered and unaccounted for. An order in the nature of an order

for distribution has no proper function to perform. This was shown in the case of *Slagle v. Entrekin*, 44 Ohio St. 637. There an administrator resigned. His accounts were adjusted in the probate court, the amount of his indebtedness to the estate was ascertained, and an order was made upon him to pay it. In an action on his bond the sureties contended that it was error to make the order. The court held otherwise, on the ground the order was not one of distribution but merely a part of the formal declaration of the administrator's liability. The opinion reads:

"Where upon the settlement of the accounts of an administrator or executor, who has resigned or been removed, the amount due from him to the estate has been ascertained and determined by the probate court, it is not error in the court to order its payment to his successor in the administration of the estate. It is not an order of distribution, but a judgment in favor of the estate against him upon the settlement of his accounts for assets received and unadministered, and to which, under section 6020, Revised Statutes, the succeeding administrator is entitled." (Page 640.)

The principle is illustrated in the case of *Nevitt v. Woodburn*, 160 Ill. 203. At the time the liability of a removed executor was finally established an administrator *de bonis non* had not been appointed. In affirming a judgment against the sureties on the bond the court said:

"It is said that the judgment against Ege for the amount due from him on his final report did not order such amount to be paid to the administrator *de bonis non*. We do not regard this as material. The administrator *de bonis non* had not been appointed when the judgment was rendered. It was found that the amount which he owed was due to the estate of the deceased, and this was sufficient." (Page 213.)

If it should be admitted that if Markart's accounts had been adjusted in the probate court and the amount of his indebtedness had been ascertained there the adjudication of liability by that court would not have

been complete without a formal order to pay, the district court took the place of the probate court for every purpose of the proceeding. It did not assume jurisdiction merely to state the account as a referee might have done, but to administer complete relief. It made a full judicial determination and declaration of Markart's liability, and its award of judgment for the amount found to be due constituted a sufficient direction to pay so far as fixing the liability of Markart's sureties is concerned. Kesinger might, if he so desired, prove up his judgment in the probate court and have it allowed and classified as a claim against Markart's estate, but he was not bound to do so before proceeding against Markart's bondsmen, much less await an order for its payment which would necessarily depend upon the condition of Markart's estate and the progress made in its settlement.

The surety relies upon the two cases of *Stratton v. McCandless,* 27 Kan. 296, and *Hudson v. Barratt,* 62 Kan. 137, but as shown in the case of *Surety Co. v. Piatt,* 67 Kan. 294, those decisions merely go to the extent of holding that where an estate is unsettled and the probate court still has jurisdiction of the administrator himself his liability ought to be determined in that court before action is taken against his sureties.

The judgment of the district court is affirmed.