No. 20,104.

R. H. GALLOWAY, as Administrator, etc., *Appellant,* v. WIL-
LIAM FREEBURG, as Administrator with the will annexed,
etc., *Appellee.*

SYLLABUS BY THE COURT.

1. DECEASED ADMINISTRATOR—*Right of Successor to Sue Deceased Ad-
ministrator's Estate.* An administrator appointed to succeed a de-
ceased administrator can maintain an action against the estate of his
predecessor to recover the unadministered assets of an estate and for
an accounting.

2. SAME. Rule followed that an administrator's action against the es-
tate of a deceased administrator is not limited to the one on the ad-
ministrator's bond, following *Hudson v. Barratt,* 62 Kan. 137, 147, 61
Pac. 737.

3. SAME—*"Unadministered Assets" of an Estate.* Where a personal
estate consists of money and mortgages which have been reduced to
money, the money, when not disbursed as directed by the will or by
the probate court, is "unadministered assets" to which an adminis-
trator is entitled on the death of a preceding administrator.

4. WILL—*Construction—Life Estate Created.* The text of a will ex-
amined and, aside from specific bequests therein made, held to create
only a life estate in personalty, in money and mortgages, following
*Chase v. Howie,* 64 Kan. 320, 67 Pac. 822.

5. ACTION—*Against Deceased Administrator's Estate—Petition States
Cause of Action.* A petition in an action brought by an administrator
in succession against the estate of a preceding deceased administrator
who was also the life tenant of an estate in personalty examined and
held sufficient against a demurrer based on the statute of limitations.

Appeal from Republic district court; JOHN C. HOGIN, judge.
Opinion filed April 8, 1916. Reversed.

*W. D. Vance,* and *R. E. McTaggart,* both of Belleville, for
the appellant.

*Nelson J. Ward,* of Belleville, *R. W. Turner,* and *Donald F.
Stanley,* both of Mankato, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This action was brought by the adminis-
trator of Jennet Neil's estate to recover from the estate of
Daniel Neil certain assets of the estate of Jennet, and for an
accounting.

Jennet Neil died testate in 1905, bequeathing a life estate in all her real and personal property to her husband, Daniel Neil, subject to five specific bequests of. $500 each——one to her husband, and four others. Three nominal bequests were also made, and the remainder, after her husband's death, was to be sold and divided among her brothers' and sisters' children, and three other persons.

The husband, Daniel Neil, qualified as administrator and entered upon his official duties. He paid the four principal legacies of $500 each and filed receipts therefor with the probate court. He made no annual reports, and died in 1912 without a final settlement of Jennet's estate. The plaintiff was appointed to succeed Daniel Neil as administrator, and he brought this action against the administrator of the estate of Daniel.

The defendant's demurrer to plaintiff's petition was sustained, and this brings the case here.

The chief grounds of the demurrer urged by appellee are that the plaintiff has no legal capacity to sue, and that the petition does not state a cause of action.

Can the plaintiff maintain this action? Whatever may have been the rule at common law, it seems clear enough that he can do so under our liberal statutes. (Gen. Stat. 1909, §§ 3445, 3459, 3461, 3544.)

Section 3445 of the General Statutes of 1909 reads:

"The executor of an executor shall have no authority, as such, to administer the estate of the first testator; but on the death of the sole or surviving executor of any last will, administration of the estate of the first testator, not already administered, may be granted; with the will annexed, to such person as the court shall think proper to appoint."

Section 3459 reads:

"When the sole executor or administrator shall die without having fully administered the estate, the court shall grant letters of administration with the will annexed, or otherwise, as the case may require, to some suitable person, to administer the goods and estate of the deceased not already administered, if there is personal estate of the deceased not administered to the amount of twenty dollars, or debts to the like amount remaining due from the estate."

Section 3461 reads:

"An administrator appointed in the place of· an executor or administrator who has resigned, been removed, or whose letters have been re-

voked, shall be entitled to the possession of all the personal effects and assets of the estate unadministered, and may maintain an action against the former executor or administrator and his sureties on the administration bond, and for all damages arising from the maladministration or omissions of the former executor or administrator."

Section 3544 reads:

"When any executor or administrator shall die, resign, or be removed, or his letters revoked, without having fully administered the goods and estate of the deceased, a new administrator of the same estate shall be appointed."

Many other provisions of the statute relating to the powers and duties of the executors and administrators (Gen. Stat. 1909, §§ 3436-3645), all *in pari materia,* are to this intendment and effect; and no legal distinctions or limitations can be made as to the rights of a substituted administrator on account of the cause of the substitution, whether it was by the death, resignation, or removal of his predecessor.

In *Toffler v. Kesinger,* 80 Kan. 549, 102 Pac. 1097, the administrator who was appointed to succeed an administrator who had died without having completed the settlement of his testator's estate recovered a judgment against the estate of the first administrator. Then he sued the surety of the first administrator, and that action was the gist of the appeal, for the judgment in the case against the first administrator's estate was not appealed; but the discussion is instructive and harmonizes completely with the statutes quoted above and with appellant's theory in the action at bar.

But it is urged that if this action can be maintained at all, it must be on the administrator's bond. Not necessarily. That may come later. Presumably any judgment recovered by plaintiff will be paid out of the estate of Daniel Neil.

In *Davis v. Clark,* 58 Kan. 454, 49 Pac. 665, it was said:

"The liability of the administrator exists independently of the bond. . . . Our statute, however, gives the substituted administrator the right to maintain an action against his predecessor, as well as the sureties upon his bond." (pp. 458, 459.)

In *Hudson v. Barratt,* 62 Kan. 137, 61 Pac. 737, it was said:

"No good reason can be seen why the sureties on the executor's bond should be required to answer in court and harassed with litigation until it has been determined whether default has been made by the executor, or whether there is any liability on the bond, by the tribunal specially

provided to make such determination. If an accounting is had in the probate court, and the executor makes a complete and satisfactory settlement, and turns over to his successor all the property and assets of the estate in his hands and for which he is accountable, there will be no necessity for litigation with the sureties on the bond." (p. 147.)

It seems clear, also, that the petition stated a cause of action. It is settled law that where an administrator has been supplanted by another, the succeeding administrator is entitled forthwith to the unadministered assets. (*Toffler v. Kesinger*, 80 Kan. 549, 102 Pac. 1097.) And undistributed moneys are "unadministered assets" within our own precedents. (*Musick v. Beebe, Adm'r*, 17 Kan. 47, syl. ¶ 5; *Surety Co. v. Piatt*, 67 Kan. 294, 72 Pac. 775.) If this were otherwise, neither the administrator nor the probate court could ever discharge their duties and close up the estate of Jennet Neil.

It is next urged that by the will of Jennet, Daniel took the personal estate without limitation. A fair reading of the will does not warrant such interpretation. Only the personal estate is involved in this lawsuit, but the will reads:

"I give, devise and bequeath my estate and property both real and personal as follows:

"That is to say, to my dear husband, Daniel Neil, during his natural life time and at his death the property to be sold and divided as follows:

"Among my brothers' and sisters' children, etc.

. . . . . . . . . . . . .

"I further bequeath the money on my notes and mortgages as follows:
"$500.00 to Daniel Neil, my husband."
[Four similar bequests to other legatees follow.]

The specific bequest of money to Daniel negatives the contention that he was to have an absolute estate in all the personalty, if, indeed, the text needs the aid of that argument. (See *Chase v. Howie*, 64 Kan. 320, 67 Pac. 822.) But a point is made that the will requires the property going to the remaindermen to be "sold" and divided. And it is urged that money could not be "sold." This reasoning is too subtle. The purpose of selling the property is to reduce it to money, for convenience and exactness in division, but the bequests must not fail nor be diverted because part of the personalty, or all of it, is already in cash ready for division.

Still another point raised is the statute of limitations. We fail to see its application. It is not apparent on the face of

the petition. Daniel Neil was in custody of the assets as administrator and also as life tenant. His legal rights to the assets in this dual capacity were so broad and comprehensive that it would have taken considerable ingenuity on his part to so breach his trust, with notice sufficient to bind the other parties interested, as to start the running of any statute of limitations in his own behalf.

The judgment of the district court is reversed with instructions to overrule the demurrer and for further proceedings consistent herewith.