### DAVIS et al. v. HUTCHINSON et al.

Circuit Court of Appeals, Ninth Circuit.
October 24, 1927.

No. 5160.

1. **Executors and administrators ⬅120(1)—Administrator de bonis non held competent to sue third parties to recover assets of estate fraudulently procured from former administrator (Comp. Laws Alaska 1913, §§ 1619, 1620, 1622, 1624 [Act Cong. June 6, 1900, 31 Stat. 457]).**

Under Comp. Laws Alaska 1913, §§ 1619, 1620, 1622, 1624 (Act Cong. June 6, 1900 [31 Stat. 457]), providing that on death or removal of an administrator a new one shall be appointed, who shall be entitled to maintain any necessary action against former administrator or his sureties or representatives, the common-law rule against competency of administrator de bonis non is abrogated, and though, not specifically authorized by the statutes, administrator de bonis non must necessarily be held to have right to sue third parties to recover assets belonging to estate fraudulently procured from former administrator under invalid claim against estate.

2. **Equity ⬅44—Suit by administrator de bonis non to recover assets fraudulently procured held within federal equity court's jurisdiction.**

Suit by administrator de bonis non to recover assets of estate fraudulently procured by defendants under invalid claim against estate *held* within jurisdiction of federal equity court, and not within the exclusive jurisdiction of the probate court; position of defendants as strangers to the administration being analogous to strangers to bankruptcy proceeding holding property of bankruptcy estate adversely to trustee, in which plenary suit in court of general jurisdiction is necessary.

3. **Executors and administrators ⬅431(1)—Settlement of administrator's account in probate court held not condition precedent to suit to recover assets wrongfully withheld.**

Settlement of administrator's account in probate court *held* not condition precedent to right of administrator de bonis non to sue in court of general jurisdiction to recover assets of estate wrongfully obtained by third party, even if other assets were sufficient to discharge all debts.

4. **Appeal and error ⬅916(1)—On plaintiff's appeal from judgment on pleadings, appellate court cannot act on probabilities against allegations of bill.**

On appeal by plaintiff from judgment on pleadings, appellate court cannot act on probabilities as against expressed averments of the bill.

**5. Equity ⬥==44—Equity court may assist probate court, without invading its jurisdiction, by deciding issue or deferring determination until probate court exhausts its powers.**

To the end that justice may be done, the procedure and remedies in a court of general jurisdiction in equity are elastic and comprehensive, and such court may act in assistance to probate court, without invading its jurisdiction, by deciding issue or deferring such determination until probate court has exhausted its power, or it may dismiss action as facts shall warrant.

**6. Equity ⬥==44—Rule that equity court may assist probate court held particularly applicable in Alaska, where commissioner primarily exercising probate jurisdiction is appointed by presiding judge (Comp. Laws Alaska 1913, §§ 363, 366, 1595 [35 Stat. 839, § 2 (Comp. St. § 3564); 31 Stat. 323, § 6 (48 USCA §§ 104, 108); 31 Stat. 452, § 763]; 31 Stat. 462).**

Rule that equity court of general jurisdiction may assist probate court without invading its jurisdiction is particularly pertinent in Alaska, where commissioner, who primarily exercises probate jurisdiction, is appointed by the *presiding* judge of the court in which the suit is pending, and in his official conduct is subject to the supervision of such judge, and where claim against estate may, on rejection by administrator, be presented to and allowed by District Judge in the first instance, under Comp. Laws Alaska 1913, §§ 363, 366, 1595 (35 Stat. 839, § 2 [Comp. St. § 3564]; 31 Stat. 323, § 6 [48 USCA §§ 104, 108; Comp. St. § 3566]; 31 Stat. 452, § 763), and 31 Stat. 462.

Appeal from the District Court of the United States for the Fourth Division of the Territory of Alaska; Cecil H. Clegg, Judge.

Suit by E. L. Davis, Administrator de bonis non of the estate of W. W. Pendergraft and John Aldridge, both deceased, and the copartnership of the said W. W. Pendergraft and the said John Aldridge, heretofore doing business as Pendergraft & Aldridge, and another, against George Hutchinson, trustee, and others. Decree for defendants and plaintiffs appeal. Reversed and remanded.

Morton Stevens, of Fairbanks, Alaska, and Bronson, Jones & Bronson, of Seattle, Wash., for appellants.

John A. Clark, of Fairbanks, Alaska, and Lyons & Orton, of Seattle, Wash., for appellees.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. This is an appeal from a judgment on the pleadings, denying plaintiff's prayer for an accounting and the recovery from defendants of certain funds alleged to have been wrongfully and fraudulently received by them from the part-

nership estate of W. W. Pendergraft and John Aldridge. In brief, the facts pleaded and necessarily assumed to be admitted are as follows:

For some years prior to October 24, 1924, on which date Aldridge died, Pendergraft and Aldridge were partners engaged in the mercantile business at Fairbanks, Alaska. Exclusive of the $5,500 item, more particularly to be explained, the firm owed the aggregate amount of $17,000, and was insolvent at the time of Aldridge's death. Pendergraft continued in possession for the purpose of winding up the business, and on November 13, 1920, for himself and his surviving partner, he executed to defendant Hutchinson, as trustee, a real and chattel mortgage covering the partnership property, to secure the payment to the trustee for the benefit of his codefendants the sum of $5,500, thus admitting that there were due the beneficiaries severally debts from the partnership aggregating that amount; but such debts "had no existence in law and were not collectible against said partnership estate," and the mortgage "was wrongful, illegal, unauthorized, fraudulent in law as well as in fact," and covered a "pretended debt."

On February 1, 1921, Pendergraft was appointed and qualified as administrator of the partnership estate, but, instead of winding it up, he continued to run the business, and without leave of court used the assets on hand when his partner died for that purpose. He died on December 12, 1921, leaving a will in which he nominated as his executor one Brown, who, on December 17, 1921, was appointed and qualified as such executor. Brown thereupon took possession of both the individual and the partnership estate. On May 14, 1925, he was removed as executor, and two days later appellant was appointed as his successor, and by the court was authorized to bring this suit. In the meantime Pendergraft or Brown, or both of them, had used $4,000 or more of the partnership assets in paying the "pretended mortgage debt."

Apparently the specific property covered by the mortgage has been exhausted, and, all of the defendants having by default or otherwise disclaimed any present interest in the mortgage, the court decreed its cancellation, but, as already stated, denied plaintiff the right to recover the moneys paid under its terms to the trustee, and to the beneficiaries, all of whom are made defendants.

The ground upon which the court denied relief is that, even though defendant may

have wrongfully received the moneys, plaintiff as administrator de bonis non is without the right or capacity to recover. Such, admittedly, was the rule under the common law. United States v. Walker, 109 U. S. 258, 3 S. Ct. 277, 27 L. Ed. 927; Beall v. New Mexico, 16 Wall. 535, 21 L. Ed. 292; Wilson v. Arrick, 112 U. S. 83, 5 S. Ct. 75, 28 L. Ed. 617; Potts v. Smith, 3 Rawle (Pa.) 361, 24 Am. Dec. 359. The reasons underlying the rule grew out of a conception of the relation of an administrator to an estate, measurably out of accord with the prevalent modern notion that he has no beneficial interest, but holds all of the property in a fiduciary capacity. In Woerner's American Law of Administration (3d Ed.) vol. 2, § 352, pp. 1170, 1171, the learned author says:

"The historical justification of this rule, however valid in England, does not exist in America, except as an element of the common law; hence many of the states have discarded the rule itself, in some instances by judicial authority, but most generally by statutory enactments. Administration is, in the states not adhering to the artificial common-law rule, understood to consist in the legal proceedings necessary to satisfy the claims of creditors, next of kin, legatees, or whatever other parties may have any claim to the property of a deceased person; until all such claims are satisfied—whether of creditors or heirs, the widow or minor children of the deceased—administration is not completed. * * * Two principles follow from this view, which are inconsistent with the common-law rule under discussion: First, that the conversion of property from the form in which the decedent left it into some other form—e. g., changing it into money by a sale, etc.—does not exhaust the authority of the executor or administrator over it in its changed form, but it still remains to be administered; and, next, that upon the death, removal, or resignation of the executor or administrator, before the administration has been fully completed, all the authority vested in him must pass to an administrator de bonis non, so that the purpose of law demanding administration may be accomplished."

[1] Under the Code of Alaska we are of the opinion the common-law rule does not prevail in that territory. The provisions touching the administration of estates (Act Cong. June 6, 1900, 31 Stat. 321, 452, et seq.) are substantially the same as the laws of Oregon (Act Oct. 11, 1862, Lord's Oregon Code, tit. 16, c. 2). The pertinent provisions may be found in Compiled Laws of Alaska, §§ 1619, 1620, 1622, 1624, corresponding respectively to sections 1098, 1099, 1101, and 1103 of Hill's Oregon Code. After adverting to the common-law rule in question, Mr. Justice Bean, speaking for the Supreme Court of Oregon, in Gatch v. Simpson, 40 Or. 90, 66 P. 688, said:

"But, as Mr. Woerner points out, the historical justification of this rule, however valid in England, does not exist in this country, and therefore many of the states have discarded the rule itself, either by judicial authority or by statutory enactments. And this is true in this state. The statute provides that, whenever all the executors or administrators die, resign, or are removed, administration of the estate remaining unadministered shall be granted to those next entitled, if they be competent and qualified, and that the new administrator 'is entitled to the exclusive administration of the estate, and for that purpose may maintain any necessary and proper action, suit, or proceeding on account thereof, against the executor or administrator ceasing to act, or against his sureties or representatives.' Hill's Ann. Laws Or. §§ 1098, 1099. The plain purpose of these provisions is that the assets of an estate shall always be in the hands and under the control of an acting executor or administrator, and subject, in the manner designated by law, to the jurisdiction and supervision of the county court. To this end it contemplates that, when an executor or administrator dies or is removed, all the property in his hands belonging to the estate shall pass to his successor, and such successor is given power and authority to maintain all proper actions, suits, or proceedings to secure the possession thereof. Assets which have been converted into money are none the less still unadministered within the meaning of the law, and an administrator de bonis non may under the statute proceed against the former administrator or his sureties to recover the amount thereof. This seems to be the general trend of the authorities in this country, independently of statute."

True, that was an action not against a third party, as here, but against a former administrator and his bondsmen, and the express terms of the statute cover only such a right. But the change wrought is so fundamental in principle that logically and in spirit it should be held to apply to actions against third parties, as well as against administrators. Underlying the common-law rule against the competency of an adminis-

trator de bonis non to maintain an action in such a case against a former administrator or a third party is the theory that he "takes title only to property remaining in specie." Walker and Arrick Cases, supra. But if, under the statute, he has title sufficient to enable him to assert the liability of a former administrator for property wrongfully withheld, it seems incredible that it should have been intended that he is without such title when he attempts to recover upon a similar liability of a third person for property of identical status.

It is to be observed that the Alaska statutes nowhere use the term "de bonis non." In section 1620 of the Compiled Laws the succeeding administrator is designated as a "new administrator," and he is given the same footing as a surviving administrator, having the exclusive right of administration. In the next preceding section the administration is referred to as a trust, and in the case of the disability of a joint administrator the survivor succeeds to all the duties of the trust; "and if all the executors or administrators shall die, resign, or be removed, administration of the estate remaining unadministered shall be granted to those next entitled," and not to the administrators of those first in office. Our conclusion is that it was error to hold the plaintiff incompetent to maintain the action. In re Jordan (D. C.) 2 F. 319; Prusa v. Everett, 78 Neb. 251, 113 N. W. 571; Galloway v. Freeburg, 97 Kan. 765, 156 P. 766; Mansfield v. Lynch, 59 Conn. 320, 22 A. 313, 12 L. R. A. 285; Ellyson v. Lord, 124 Iowa, 125, 99 N. W. 582; Potts v. Smith, 3 Rawle (Pa.) 361, 24 Am. Dec. 359, note p. 387; Jelke v. Goldsmith, 52 Ohio St. 499, 40 N. E. 167, 49 Am. St. Rep. 730.

[2] The appellees now make two additional contentions: (1) That the subject-matter of the suit is within the exclusive jurisdiction of the probate court; and (2) that, assuming jurisdiction, the action could not be maintained until the administrator's accounts in the probate court are settled.

But it is to be noted that the case made by the complainant is not one for the recovery of an excessive or premature payment by the former administrators upon an approved or valid claim of defendants against the estate. It is alleged that they had no claim at all, but by fraud procured and wrongfully retain assets of the estate, rightfully belonging to plaintiff's cestuis que trustent, the creditors and heirs. Upon such showing they are strangers to the administration, and admittedly they have never appeared therein and are not parties thereto. How they could be brought into the probate court to litigate the issue is not apparent. Their position is closely analogous to that of a stranger to a bankruptcy proceeding, holding property of the bankruptcy estate adversely to the claims of the trustee. In either case a plenary suit in a court of general jurisdiction is necessary. Woerner's American Law of Administration (3d Ed.) § 151; Gardner v. Gillihan, 20 Or. 598, 27 P. 220.

[3] Nor can we see how, upon such a showing, the settlement of the administrator's account is a necessary condition precedent. The defendants are wrongfully in possession of property belonging to the estate, and, even if the other assets were sufficient to discharge all indebtedness, the administrator has the right, and it is his duty, to recover such property and distribute it to the heirs.

[4, 5] It may seem improbable that Pendergraft acknowledged and paid claims against himself which he knew to be invalid, but we are not at liberty to act upon probabilities against expressed averments of the bill. Nor need we anticipate what action should be taken by the lower court, in case it should turn out in the trial of the case that claims covered by the mortgage were wholly or in part valid. To the end that justice may be done, the procedure and the remedies in a court of general jurisdiction in equity are elastic and comprehensive, and the lower court may act in assistance to the probate court, without invading its jurisdiction, by either deciding an issue or deferring such determination until the probate court shall have exhausted its power, or it may dismiss the action, as the facts shall warrant.

[6] This view would seem to be particularly pertinent where, as in Alaska, the commissioner, who primarily exercises probate jurisdiction, is appointed by the presiding judge of the court in which the suit is pending, and in his official conduct is subject to the supervision of such judge, and where a claim against an estate may, upon rejection by the administrator, be presented to and allowed by the district judge or the district court in the first instance. Comp. Laws Alaska 1913, §§ 363, 366, 1595; 35 Stat. 839 (Comp. St. § 3564); 31 Stat. 323 (48 USCA §§ 104, 108 [Comp. St. § 3566]); 31 Stat. 452, 462.

Reversed and remanded, for further proceedings not out of harmony herewith.